HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MOORE,

        Plaintiff,

     v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. C13-2063RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on the parties' supplemental briefs following the court's April 1, 2015 order.  The court assumes the parties' familiarity with that order, and will not repeat the summary and analysis of this litigation contained therein.

In light of the April 1 order, the parties' supplemental briefs and evidence, and the reasons stated below, the court directs the clerk to DISMISS this case and to enter judgment for the United States.

## II.  DISCUSSION

The court summarizes its rulings today as follows:

1) The United States has demonstrated that the IRS's decision to assess Mr. Moore FBAR penalties of $10,000 for each year from 2005 through 2008 was not arbitrary, not capricious, and not an abuse of its discretion.

2) The IRS's conduct in assessing those FBAR penalties, by contrast, was in several respects arbitrary and capricious.  In particular, the IRS disclosed no

ORDER – 1

adequate basis for its decision to assess the penalties until this litigation forced its hand. Even after this litigation began, the IRS refused to disclose the evidence on which it now relies to demonstrate the basis for its decision to impose those penalties. With respect to the 2005 penalty, the IRS broke its own promise not to impose a penalty until Mr. Moore had an opportunity to respond to its "proposed" assessment.

3) In light of these rulings, the Government is entitled to judgment for $40,000, although that amount will be offset by the more than $10,000 that Mr. Moore has already paid. In light of the arbitrary and capricious conduct described above, the court rules that any interest, late fee, or other supplemental assessment that the IRS or another agency of the United States has attempted to tack on to Mr. Moore's FBAR penalties is void. The United States shall treat the FBAR penalties as if they were first assessed on the date of this order.

The court briefly explains each of those rulings. First, it finds that the supplemental declaration of IRS Appeals Officer Daisy Batman, which includes the case memorandum that the IRS previously refused to disclose to Mr. Moore, discloses the basis for the IRS's decision to assess the FBAR penalties. That memorandum leads the court to conclude that the IRS did not act arbitrarily and capriciously or abuse its discretion in determining the amount of the penalties. In particular, the court finds that the guidelines for determining the amount of FBAR penalties contained in the Internal Revenue Manual are not arbitrary or capricious, and that it was not an abuse of discretion for the IRS to follow those guidelines in this case.

The IRS's refusal to disclose anything about the basis for its decision until this litigation, and in particular its decision to withhold Agent Batman's memorandum until after the court ordered it produced, was arbitrary and capricious. The IRS did not simply fail to disclose Agent Batman's memorandum, it opposed Mr. Moore's motion to compel its disclosure. Once the Government determined that it could point to no other evidence

ORDER – 2

justifying its decision to impose the maximum penalties, the Government produced the memorandum. The IRS has offered no explanation for its apparent policy not to explain the assessment of FBAR penalties to citizens, and in particular for its apparent policy not to put that explanation in writing. It has also offered no explanation for its steadfast refusal to disclose Agent Batman's memo in this litigation until it was left with no other options. No citizen should have to sue his own Government to find out why he is being fined, or to find out why he is being fined $40,000 as opposed to a smaller amount. And once a citizen has sued, he should not have to fight over the most basic disclosures.

As to its bizarre conduct in assessing the 2005 penalty, the IRS explains that it has an internal policy to assess FBAR penalties at least 180 days before the expiration of the statute of limitations for doing so. That policy is well within its discretion. What is not within its discretion is its decision to offer Mr. Moore the opportunity to contest the 2005 FBAR penalty before its assessment, and then to impose the penalty before the deadline the IRS imposed. The IRS offers no explanation for why it allowed rote application of its internal policies to trump the individual assurances it made to Mr. Moore.

In light of the court's conclusion that the amount of the penalty the IRS imposed was appropriate, there are two apparent harms arising from its arbitrary and capricious conduct in imposing that penalty. First, Mr. Moore was given the unappealing choice to either accept the IRS's unexplained imposition of a $40,000 penalty or to file suit. The court assumes that Mr. Moore's choice to sue cost him a substantial sum. Second, the IRS has assessed interest and other penalties on top of the FBAR penalties. The court expresses no opinion at this time on whether the first harm can be remedied. The court remedies the second harm by preventing the IRS from profiting by imposing penalties without explaining them. The court voids the IRS's assessment of interest and other charges on top of its previously unexplained penalties.

ORDER – 3

### III. CONCLUSION

For the reasons stated above, the court directs the clerk to DISMISS this case and to enter judgment for the United States for $40,000, although the United States must offset that amount by the amount of any payments it has received from Mr. Moore. The United States shall treat the FBAR penalties underlying that judgment as if they were imposed on the date of this order. Mr. Moore owes no interest, late charge, or other assessment supplemental to the $40,000 in penalties accruing before the date of this order.

DATED this 24th day of July, 2015.

_Richard A Jones_
_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4